# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FERMIN RODRIGUEZ MUNOZ,<br><br>Petitioner,<br><br>v.<br><br>JOSHUA JOHNSON, Warden, et al.,<br><br>Respondents. | Case No. 2:26-cv-02171-SSS-MAA<br><br>**ORDER ACCEPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE** |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, the other records on file herein, and the Report and Recommendation of the United States Magistrate Judge.

The Court also has reviewed Respondents' Response to the Report and Recommendation, filed on March 17, 2026, and Petitioner's Response to the Report and Recommendation, filed on March 18, 2026 (together, "Responses"). [Dkts. 12, 13]. As required by Federal Rule of Civil Procedure 72(b)(3), the Court has engaged in de novo review of the portions of the Report and Recommendation to which a party specifically has objected.

In this immigration detention case, the Report recommends granting the Petition and enjoining Respondents from continuing to detain Petitioner unless he is

granted a bond hearing under 8 U.S.C. § 1226(a) in which the Government bears the burden of showing he poses a flight risk or danger to the public.  [Dkt. 10].  The parties' responses to the Report do not merit a different outcome.

Petitioner requests that he be granted immediate release from custody rather than a bond hearing under 8 U.S.C. § 1226(a).  [Dkt. 13 at 6-7].  The Court agrees with the Report that the appropriate remedy is "consideration for release on bond by immigration officers and, if not released, a custody redetermination hearing before an immigration judge."  [Dkt. 10 at 5 (quoting *Maldonado Bautista v. Noem*, 2025 WL 3678485, at *1 (C.D. Cal. Dec. 18, 2025)].  "Here, 'law and justice require' redressing [Petitioner's] specific injury, namely the deprivation of his access to a bond hearing.  Ordering Respondents to provide Petitioner with such a hearing redresses that specific injury." *Ramos v. Bondi*, 2026 WL 614875, at *5 (E.D. Va. Mar. 4, 2026) (citing cases).

Respondents object that Petitioner should bear the burden of proof at his initial bond hearing.  [Dkt. 12 at 2].  "Section 1226(a) is silent as to what burden of proof applies in bond hearings and who bears that burden." *Hernandez-Lara v. Lyons*, 10 F.4th 19, 26 (1st Cir. 2021).  The Court agrees with the Report's analysis that the Government should bear the burden in this case.  [Dkt. 10 at 6 n.2 (citing *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1200 (9th Cir. 2022); *Martinez v. Clark*, 124 F.4th 775, 785–86 (9th Cir. 2024) ("[a]t the outset of its decision, the BIA properly noted that the government bore the burden to establish by clear and convincing evidence that [the detainee] is a danger to the community"); *id.* at 786 (reiterating that "due process requires . . . the government to prove dangerousness or risk of flight by clear and convincing evidence") (citing *Singh v. Holder*, 638 F.3d 1196, 1200, 1205 (9th Cir. 2011), *abrogated on other grounds as recognized by Rodriguez Diaz*, 53 F.4th at 1202); *Al-Sadeai v. U.S. Immigr. & Customs Enf't*, 540 F. Supp. 3d 983, 990–91 (S.D. Cal. 2021) (discussing Ninth Circuit precedent

establishing the Government's burden and finding the IJ's placement of the burden of proof on detainee violated the Due Process Clause))].

The Report's recommendation as to the burden of proof also is consistent with other recent District Court decisions within the Ninth Circuit. *See, e.g., Balwan v. Bondi*, 2026 WL 497098, at *9 (W.D. Wash. Feb. 23, 2026) (surveying circuit caselaw and concluding that the Government should bear the burden); *Vazquez v. Mattos, et al.*, 2026 WL 658896, at *2 (D. Nev. Mar. 9, 2026) (requiring the Government to bear the burden) (citing *Singh* and *Martinez*); *Lima v. Wofford*, 2025 WL 3535009, at *4 (E.D. Cal. Dec. 10, 2025) ("The statute is silent on the burden of proof required in a bond hearing under § 1226(a). However, the Ninth Circuit has squarely ruled that due process requires that the Government bear the burden at a § 1226(a) bond hearing of justifying detention by clear and convincing evidence.") (citing *Singh*, 638 F.3d at 1203-06); *see also Mendoza v. Noem, et al.*, 2026 WL 683180, at *8-*9 (E.D. Cal. Mar. 11, 2026) (analyzing Ninth Circuit cases to find that the holding in *Singh* placing the burden on the Government should still be followed). The Court agrees with these decisions.

The Court finds no defect of law, fact, or logic in the Report and Recommendation. The Court concurs with and accepts the findings, conclusions, and recommendations of the United States Magistrate Judge, and overrules the Responses to the extent they contain objections.

IT THEREFORE IS ORDERED that:

1. The Report and Recommendation is accepted and adopted;

2. Claim Three of the Petition (Pet. ¶¶ 104–26), to the extent it seeks a finding that Petitioner's detention is governed by 8 U.S.C. § 1226(a), is GRANTED;

3. Respondents are ENJOINED from continuing to detain Petitioner unless he is provided with an individualized bond hearing before an immigration

3

judge pursuant to 8 U.S.C. § 1226(a) within three (3) days of the date of this Order;

4. If Petitioner has not been provided a bond hearing in compliance with this Order within three (3) days, Respondents are to release Petitioner forthwith and shall not impose any release restrictions; and

5. The parties are ordered to file a joint status report within seven (7) days of the date of this Order, which must discuss the results of any bond hearing held and address the question of whether the remaining claims in the Petition have been rendered moot.

DATED: April 1, 2026

_____

HONORABLE SUNSHINE SUZANNE SYKES
UNITED STATES DISTRICT JUDGE

4